UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In the Matter of

    THE BIG WHALE, LLC,                          Case No. 11-23756-jes

                Debtor.

_____

MOTION FOR AN ORDER (I) AUTHORIZING FINAL APPROVAL OF USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, AND (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363

_____

      The Big Whale, LLC ("Debtor") moves the Court for *final* approval of the use of cash collateral of (i) American Home Mortgage Servicing, Inc., (ii) M&I Marshall & Ilsley Bank, (iii) North Shore Bank, (iv) Securant Bank & Trust, and (v) Waterstone Bank (collectively, the "Lenders"), pursuant to 363(c)(2)(B) and (3), and Rule 4001(b) and (d). The Debtor also requests an order granting adequate protection (as described below, "Adequate Protection") pursuant to 11 U.S.C. §§ 361 and 363.

      The Debtor has requested a *final hearing* pursuant to Bankruptcy Rule 4001(b)(2) which will be held on **April 8, 2011 at 10:00 a.m.** as further described in the notice attached to this motion. In support of its motion, the Debtor states:

*Jurisdiction*

      1.      On March 21, 2011 the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing to operate its business and manage its affairs as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

Jerome R. Kerkman
Justin M. Mertz
Kerkman & Dunn
757 N. Broadway, Suite 300
Milwaukee, WI 53202
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jmertz@kerkmandunn.com

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the order of reference filed in this District entered pursuant to §157(a).

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M) as a matter with respect to the administration of the Debtor's estate and the use of cash collateral.

### *Background on Debtor's Business*

4. The Debtor owns approximately 49 parcels of real property in Milwaukee County, Wisconsin ("Properties"). In sum, those Properties contain 138 rentable residential and commercial units. The Debtor owns one industrial warehouse property, which is leased to various commercial/manufacturing tenants that operate their respective businesses in the building. The rental units are used to produce rental income from individual residential and commercial tenants.

5. The Debtor is a Wisconsin limited liability company jointly owned and managed by Steve Lindner and his sister, Debra Lindner (the "Lindners").

6. Until March 18, 2011, the underlying Properties were owned by various related companies of the Debtor.[1] The members of the Debtor determined that the Properties should be transferred to the Debtor to simplify its Chapter 11 filing and reduce costs. The consideration for the transfers included the Debtor's assumption of the outstanding mortgage and other debts related to the Properties. The members of the Debtor may also already be guarantors or co-borrowers of those debts.

7. Since the Debtor's organization in June of 2001, the Lindners (and other related companies owned by insiders) have managed the Debtor's books, renovated and maintained the Properties, negotiated with and placed tenants into the Properties to generate income, and made

---

[1] Debra and Steve Lindner, the joint members of the Debtor, also each own a 50% interest in the following seven companies: Barkow Industries, LLC; Carley, LLC; Dexter, LLC; Maddie, LLC; Shiloh, LLC a/k/a Shiloh Holdings, LLC; Westfield Holdings, LLC; and Wilson Holdings, LLC. Debra and Steve Lindner also own other business

payments to the various Lenders that hold mortgage notes secured by the Properties. The Debtor has no direct, non-equity employees. It services out its property management and bookkeeping needs to a company called Milwaukee Rents, LLC, which is solely owned by Tosha Lindner, Steve Lindner's wife. The Debtor's day-to-day property maintenance (building repair and construction, labor, materials, etc.) is performed by Centro Construction and Development, LLC, which is solely owned by Steve Lindner. The Debtor also hires third-party contractors on an as-needed basis.

8. The Debtor has seen a decline in its operating income consistent with the downtown in the economy, especially in the residential housing market. The Debtor's largest property, the industrial warehouse, was also re-assessed for tax purposes in 2010, which resulted in an additional $50,000 of unforeseen expenses to the Debtor on an annual basis. The increased tax assessments and difficulty for the Debtor to place tenants in its Properties significantly hurt the Debtors ability to pay expenses as they became due.

9. Until confirmation of a plan, the Debtor will need to use cash generated from its operations (namely, rental income from its tenants) to preserve and maximize the value of the assets of its estate, continue its business operations and services for its tenants, and provide an opportunity to reorganize its business.

### *Summary of Pre-Petition Credit Facilities with the Lenders*

10. Attached to this motion as <u>Exhibit A</u> is a summary of the Debtor's loans with its Lenders. Each note is secured by mortgages on the individual Properties owned by the Debtor as detailed on Exhibit A (the notes, mortgages, and related documents together, "Prepetition Loan Documents"). The Lindners have also personally guaranteed the amounts due pursuant to the Prepetition Loan Documents.

---

entities that are not related to this case or the Properties.

3

Case 11-23756-jes    Doc 16    Filed 03/23/11    Page 3 of 12

11. Until February 2011, the Debtor continued to make payments to its various Lenders pursuant to the Prepetition Loan Documents.

12. Based on a preliminary review of the Debtor's internal documents, the Debtor has 1 credit facility with American Home Mortgage, Inc.; 17 credit facilities with M&I Marshall & Ilsley Bank; 1 credit facility with North Shore Bank (f/k/a Maritime Savings Bank); 1 credit facility with Securant Bank & Trust; and 29 credit facilities with Waterstone Bank.

13. Pursuant to the Prepetition Loan Documents, the Debtor may have granted the Lenders a security interest in and liens on accounts, rents, profits, money, receivables, and other collateral (collectively, "Cash Collateral").

14. By this motion, the Debtor seeks authority pursuant to § 363(c)(2) of the Bankruptcy Code to use Cash Collateral during the pendency of the Debtor's case.

### *The Lenders' Security Interests Are Perfected (But Rights Are Reserved)*

15. The Debtor's attorneys have not had an opportunity review all the documentation for the Lenders' security interests. However, after reviewing the information that is publically available online, it appears that the mortgages on the Debtor's Properties are perfected. The Debtor reserves the right to revise its preliminary assessment after its attorneys have had an opportunity to review the documentation.

### *Proposed Adequate Protection*

16. The Adequate Protection proposed by the Debtor is summarized below:

   **A.** ***Replacement Liens.*** Debtor will grant each Lender a replacement lien of the same priority to the same extent and in the same collateral as the Lender had pre-petition.

   **B.** ***Monetary Payments.*** The Debtor proposes to make cash payments to each Lender as detailed in the "Adequate Protection" column on <u>Exhibit</u>

A. Such payments shall commence on May 1, 2011 and be made payable to each Lender drawn by check from the Debtor's operating account. The Debtor proposes to continue making the Adequate Protection Payments each month during the pendency of the Debtor's case.

C. *Reporting.* Debtor will provide the following reports:

(i) Its receipts and disbursements once a month consistent with the Debtor's monthly reporting requirements for its chapter 11 case; and

(ii) Monthly balance sheets and income statements by the 20th day of the following month.

D. *Other.* The Debtor will not comply with loan terms which relate to insolvency or the filing of the Debtor's Chapter 11 case.

*Legal Basis for Relief & Reservations*

17. Pursuant to the Bankruptcy Code, a debtor cannot use cash collateral unless it has consent from the entity that has an interest in cash collateral, or "the court, after notice and a hearing authorizes such use." 11 U.S.C. § 363(c)(2). Cash collateral includes a debtors "cash, negotiable instruments, documents of title, securities, deposit accounts, [including] the proceeds, products, offspring, rents, or other profits of property. . . ." 11 U.S.C. § 363(a).

18. Expenditures of Cash Collateral will preserve and maintain the underlying Properties owned by the Debtor, thus allowing the Debtor to continue providing additional adequate protection to its Lenders. *See In re 499 W. Warren St. Assocs.*, 142 B.R. 53, 56-57 (N.D.N.Y. 1992).

19. Without the ability to use Cash Collateral, the Debtor would eventually be forced to liquidate its Properties, which would "unjustifiably jeopardize" the interests of the Lenders.

*See In re Aqua Assocs.*, 123 B.R. 192, 196 (E.D. Pa. 1991).

20. Further, § 363(e) states that the Court may authorize the use of cash collateral if holders of secured claims against cash collateral are afforded adequate protection thereof.

21. The Bankruptcy Code does not define "adequate protection," but § 361 provides examples such as (a) cash payments to the extent the collateral is decreasing in value, (b) giving the secured lender replacement liens on the collateral, and (c) granting other relief as will result in giving the secured lender the indubitable equivalent of the lender's interest in the collateral. 11 U.S.C. § 361.

22. The purpose of adequate protection is to guard against diminution in the value of a secured creditor's collateral and to preserve the secured creditor's position as of the date the bankruptcy was filed. *See Resolution Trust Corp. v. Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3rd Cir. 1994).

23. In this case, the Debtor is proposing to use the Cash Collateral of the Lenders as well as the underlying Properties, which are subject to unexpired leases with residential and commercial tenants.

24. The proposed Adequate Protection is intended to protect the Lenders from diminution of the value of their collateral. The Debtor submits that the Adequate Protection proposed in this motion is fair and reasonable. However, the Debtor fully reserves the right to assert the Lender is not entitled to the proposed Adequate Protection offered herein. The Debtor also fully reserves the right to contest the perfection of the Lender's Prepetition Loan Documents, the amounts thereof, as well as the value of the collateral that secured the Lenders' Prepetition Loan Documents.

25. At this time, the Debtor is offering the proposed Adequate Protection in an amount and form equivalent to what the Debtor's proposed plan of reorganization may provide

each Lender. The Debtor has a draft version of a plan of reorganization; it anticipates filing the proposed plan of reorganization and disclosure statement shortly.

26. The Debtor's use of Cash Collateral will not prejudice any party in interest because, absent the authorization to use such Cash Collateral, the Debtor's operations would quickly shut down. Accordingly, the interests of the Lenders (and other creditors in the Debtor's case) will be best served by permitting the Debtor to use Cash Collateral.

### *Hearing & Notice*

27. The Debtor has requested that the hearing on its motion for final approval of the use of cash collateral be heard as soon as possible after 14 days for service of this motion pursuant to Bankruptcy Rule 4001(b). The Court has set a hearing on this motion for April 8, 2011 at 10:00 a.m.

28. Approval of the use of cash collateral will be necessary to avoid irreparable harm to the Debtor's operations (the Debtor does not believe that it will suffer immediate harm if the hearing is not held on an emergency, expedited basis). The Debtor will eventually need cash to pay management fees, purchase materials, pay monthly bills, and pay other expenses necessary to continue operating its Properties and fulfilling its obligations to its tenants.

29. Notice of this motion will be concurrently given to interested parties at the time of filing it with the Court. Notice shall be given via mail service, e-mail, facsimile, and/or hand delivery to the U.S. Trustee, the 20 largest unsecured non-insider creditors, and the Lenders. A certificate of service will be promptly filed with the Court.

7

Case 11-23756-jes    Doc 16    Filed 03/23/11    Page 7 of 12

*Conclusion*

WHEREFORE, Debtor requests and Order (i) authorizing final approval of the use of Cash Collateral, (ii) granting Adequate Protection to the Lenders as defined in this motion, and (iii) awarding other relief as is just and necessary.

Dated: March 23, 2011.

/s/ *Justin M. Mertz*
Jerome R. Kerkman
Justin M. Mertz
Kerkman & Dunn

Proposed Attorneys for Debtor,
The Big Whale, LLC

<u>P.O. Address</u>:

757 N. Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jmertz@kerkmandunn.com

| Lender | Property Address | Loan Number | Loan Bal. | Adequate Protection |
|---|---|---|---|---|
| **American Home Mortgage** | | | | |
| | 2335-37 N. 65th Street | 30229512 | $175,603 | **$838** |
| **M&I Marshall & Ilsley Bank** | | | | |
| | 2752 S. Austin Street | 30576821-10006 | $157,742 | $753 |
| | 2608 N. Bartlett | 30576810-10000 | $243,797 | $1,164 |
| | 2627-29 N. Barlett | 43496255-10000 | $219,924 | $1,050 |
| | 2752 N. Bremen Street | 30576810-10001 | $155,465 | $742 |
| | 3023 N. Bremen Street | 30576821-10000 | $109,531 | $523 |
| | 2432-34 S. Burrell Street | 30581694-10003 | $153,289 | $732 |
| | 1010 E. Clark Street | 43496277-10001 | $185,401 | $885 |
| | 3875 S. Clement Avenue | 30581694-10008 | $967,151 | $4,617 |
| | 1743-45 N. Franklin Place | 43496277-10000 | $205,858 | $983 |
| | 2624 N. Fratney Street | 30581694-10007 | $189,599 | $905 |
| | 2943 N. Fratney Street | 30576777-10000 | $99,639 | $476 |
| | 1815 N. Humboldt Avenue | 30576788-10001 | $202,746 | $968 |
| | 2568 N. Newhall Street | 30581694-10002 | $197,718 | $944 |
| | 4912 W. Oklahoma Avenue | 30576821-10004 | $363,949 | $1,738 |
| | 1579-81 N. Warren Avenue | 30576821-10002 | $264,997 | $1,265 |
| | 2582-84 S. Austin Street | 00043497454-10000 | $117,252 | $560 |
| | 2586-88 S. Austin Street | 06080140539-10000 | $277,538 | $1,325 |
| | | | **Total** | **$19,629** |
| **North Shore Bank** | | | | |
| | 2940 N. Maryland Avenue | 2017509426 | $231,309 | **$1,104** |
| **Securant Bank & Trust** | | | | |
| | 2151 S. Robinson Avenue | 165139 | $1,719,002 | **$8,207** |
| **Waterstone Bank** | | | | |
| | 1555-57 N. 48th Street | 10143001-90832 | $164,059 | $783 |
| | 1627 E. Belleview Place | 10041301-90702 | $177,812 | $849 |
| | 1712 E. Belleview Place | 10142701-89857 | $179,601 | $857 |
| | 2834 N. Bremen Street | 6905401-91269 | $123,316 | $589 |
| | 2850 N. Bremen Street | 11165601-91270 | $138,263 | $660 |
| | 437 E. Dover Street | 10143001-90988 | $131,675 | $629 |
| | 2859-61 S. Ellen Street | 10142701-91173 | $133,142 | $636 |
| | 1643-45 N. Franklin Place | 9875501-91524 | $225,290 | $1,076 |
| | 2449 N. Fratney Street | 9875501-90525 | $95,191 | $454 |
| | 2543 S. Graham Street | 9875502-05086 | $142,125 | $679 |
| | 3134 S. Hanson Street | 9875501-90315 | $124,155 | $593 |
| | 2425-27 S. Howell Avenue | 9875501-91373 | $127,768 | $610 |
| | 2625-27 S. Howell Avenue | 9875501-89433 | $161,754 | $772 |
| | 3017 N. Humboldt Avenue | 10143101-89289 | $210,202 | $1,004 |
| | 1323 E. Kane Place | 9875501-90705 | $111,316 | $531 |

*Exhibit A*

| Address | Number | Amount | Fee |
|---|---|---|---|
| 1327 E. Kane Place | 10142701-89894 | $111,057 | $530 |
| 3114 N. Newhall Street | 10142701-89617 | $182,216 | $870 |
| 4908 W. Oklahoma Avenue | 10143001-04984 | $129,290 | $617 |
| 2526 N. Pierce Street | 10143001-90616 | $105,803 | $505 |
| 3035 N. Pierce Street | 10143001-90807 | $113,228 | $541 |
| 2632 S. Pine Street | 9875501-90911 | $118,927 | $568 |
| 1117 E. Potter Avenue | 10041301-89897 | $151,861 | $725 |
| 2188 S. Robinson Avenue | 9875502-04960 | $292,729 | $1,398 |
| 1654 N. Warren Avenue | 10142701-90798 | $182,528 | $871 |
| 1656 N. Warren Avenue | 10143001-89299 | $199,329 | $952 |
| 1857-59 N. Warren Avenue | 10142701-89293 | $283,824 | $1,355 |
| 1863 N. Warren Avenue | 10142701-90881 | $562,770 | $2,687 |
| 2620 N. Weil Street | 10143001-89291 | $177,584 | $848 |
| 2869 N. Weil Street | 10142701-91021 | $189,378 | $904 |
| | | **Total** | **$24,091** |

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

**In the Matter of**

    **THE BIG WHALE, LLC,**                        Case No.    11-23756-jes

    **Debtor.**

## NOTICE OF DEBTOR'S MOTION FOR AN ORDER (I) AUTHORIZING FINAL APPROVAL OF USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, AND (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363

    To:     Interested Parties

    **PLEASE TAKE NOTICE,** that on March 23, 2011, the Debtor filed a motion for entry of an order authorizing the Debtor to use cash collateral on a permanent basis pursuant to 11 U.S.C. § 363 and granting adequate protection to certain secured lenders pursuant to 11 U.S.C. §§ 361 and 363. A complete copy of the motion is included with this notice.

    **<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in these bankruptcy cases. (If you do not have an attorney, you may wish to consult one.)**

    A hearing to consider the Debtor's motion will be held at **10:00 a.m. on April 8, 2011** at:

                       United States Courthouse
                       Honorable James E. Shapiro
                       U.S. Bankruptcy Court
                       517 E. Wisconsin Ave., Room 133
                       Milwaukee, WI 53203

    If you do not want the Court to approve the motion, or if you would like the Court to

Jerome R. Kerkman
Justin M. Mertz
Kerkman & Dunn
757 North Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone:    414.277.8200
Facsimile:    414.277.0100
Email: jmertz@kerkmandunn.com

consider your views on it, then you or your attorney must object no later than **April 6, 2011**, by filing a copy of your objection with the Bankruptcy Clerk of Court whose address is below and serve a copy to the Debtor's attorneys.

Bankruptcy Clerk of Courts
United States Courthouse and Federal Building
517 East Wisconsin Avenue
Milwaukee, WI 53202

If you mail your Response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

If you do not want the Court to approve the motion, or if you would like the Court to consider your views on it, then **you or your attorney must also appear at the hearing**. Telephonic appearances may be arranged for out-of-town counsel, but only upon prior approval from the Court.

If you, or your attorney, do not take these steps, the Court may decide that you do not oppose the motion and may enter an order approving it without further notice or hearing.

Dated: March 23, 2011.

*/s/ Justin M. Mertz*
Jerome R. Kerkman
Justin M. Mertz
Kerkman & Dunn

Proposed Attorneys for the Debtor

P.O. Address:

757 N. Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jmertz@kerkmandunn.com