UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

---

In re                                                    Chapter 11

    The Big Whale, LLC,

                                      Case No. 11-23756-JES

    Debtor.

---

**OBJECTION OF BMO HARRIS BANK N.A., successor-by-merger to M&I MARSHALL & ILSLEY BANK TO CONFIRMATION OF DEBTORS' MODIFIED PLAN**

---

BMO Harris Bank N.A., a Secured Creditor ("Secured Creditor") in the above referenced action, by its attorneys, Lichtsinn & Haensel, s.c., objects to the confirmation of the proposed modified plan:

1. That Secured Creditor holds a first lien mortgage position in the following real estate:

    2586-88 S. Austin Street
    2582-84 S. Austin Street
    2752 S. Austin Street
    2608 N. Bartlett
    1700 E. Belleview
    2627-29 N. Bartlett Ave.
    2752-54 N. Bremen Street
    3023 N. Bremen Street
    2432-32 S. Burrell Street
    1010 E. Clarke Street
    3875 S. Clement Street
    1743-45 N. Franklin Place
    2624 N. Fratney Street
    2943 N. Fratney Street
    1815 N. Humboldt Avenue

Drafted by:
Michael J. Bennett, Esq.
Lichtsinn & Haensel, s.c.
111 East Wisconsin Avenue, #1800
Milwaukee, WI 53202
Tel:  414-276-3400
Fax:  414-276-9278
Email:  mbennnett@lhlawfirm.com

Lichtsinn & Haensel, s.c. is attempting to collect a debt on its client's behalf and any information obtained will be used for that purpose.  If you have previously received a discharge in a Chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.

2568 N. Newhall Street
4912 W. Oklahoma Avenue
1579-81 N. Warren Avenue

The Secured Creditor's secured claim totals $4,113,948.74.

2. The Modified Plan does not comply with the provisions of Chapter 11 in that:

(a) The Secured Creditor has not accepted the modified plan;

(b) The modified plan proposes to pay the outstanding debt due the Secured Creditor at a fixed interest rate of 4.0%. The contractual interest rate on the existing Mortgage Notes range from the 30 day LIBOR Rate plus 2.50% to a fixed rate of 7.0% per annum. A 4% interest rate is substantially below market interest rates and the Secured Creditor proposes that the interest rate should be 5.0% per annum.

(c) The modified plan proposes to use funds totaling $105,000.00, representing security deposits, for payments to creditors. The Secured Creditor proposes that all security deposits be held in trust until a tenant vacates the property so that the Secured Creditor is not forced to come up with these funds at a future date. In the alternative, all future security deposits received by the Debtor should be placed in an account with the mortgage lender to ensure security deposit funds are available for transmission to a leaving tenant.

(d) The modified plan proposes providing the company owned by the spouse of Steve Lindner, Milwaukee Rents, LLC, with a 6% fee for property management. There is no written contract between the Debtor and Milwaukee Rents, LLC, and the Secured Creditor has no information as to the terms of the property management contract. The creditor proposes that a formal contract be entered into with a property management company for a fixed fee equal to 4%. In addition, the modified plan proposes providing Centro Construction and Development, LLC, a company owned solely by Steve Lindner, with compensation totaling 3% of rental receipts for

providing maintenance to the properties. Again, there is no written contract between the Debtor and Centro Construction and Development, LLC, and the Secured Creditor has no information as to the terms of the property maintenance contract. This proposal combined with the proposed 6% fee that the spouse of Steve Lindner is proposing to receive for property management would result in the Debtor receiving 9% of gross monthly rental receipts. The creditor objects to this proposal and proposes a written property management and property maintenance contract for an amount not to exceed 6% of gross monthly rental receipts.

(e) The modified plan proposes that the past due real estate taxes be paid over 60 months. Failure to pay current the real estate taxes on the mortgaged properties is an event of default under the loan documents and constitute a prior and superior lien in favor of the municipality over Secured Creditor's mortgage. Secured Creditor proposes that the $105,000 in cash held by the Debtor be used to pay the past due real estate taxes, and the Debtor be required to pay real estate tax escrow payments on a monthly basis sufficient to pay annual real estate taxes on each of the mortgaged properties.

(f) The modified plan is silent regarding the required financial reporting to secured creditors, including reports made by Debtor's proposed management and maintenance companies. The Secured Creditor proposes that Debtor provide monthly financial statements, property reports, and rent rolls during the term of the Plan.

3. That the foregoing prevents confirmation of the Debtor's modified plan pursuant to 11 U.S.C. § 1325.

4. The creditor's legal fees associated with this objection are $500.00.

WHEREFORE, an objection is made to the confirmation of the modified plan, the Secured Creditor demands an award of its legal fees and costs associated with this objection, that a hearing

upon this objection should be scheduled and that the clerk issue notice of said hearing to the appropriate parties and that the Secured Creditor be awarded such and further relief as the court may deem to be just and equitable.

    Dated this 30th day of August, 2011.

                                        LICHTSINN & HAENSEL, S.C.
                                        Attorneys for Movant

                                        By:   */s/ Michael J. Bennett*
                                                Michael D. Orgeman
                                                State Bar No. 1018072
                                                Joseph A. Abruzzo
                                                State Bar No. 1055085
                                                Michael J. Bennett
                                                State Bar No. 1000113

**P.O. ADDRESS:**
111 East Wisconsin Avenue, Suite 1800
Milwaukee, WI 53202
Tel: (414) 276-3400
Fax: (414) 276-9278
mbennett@lhlawfirm.com

L:\MDO\M&I\BigWhale\Objection to Plan 8-29-11